UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES L. HENDERSON, M.D.                                                                PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:25-CV-2-DPJ-ASH

PATRICIA DUNLAP, M.D.                                                                  DEFENDANTS
AND WALTER WILLIS, M.D.

ORDER

On September 5, 2025, District Judge Daniel P. Jordan III granted Dr. James Henderson's motion for limited discovery. Order [38]. Judge Jordan also denied the Government's motions to dismiss and substitute, and Dr. Henderson's motions to strike the Government's scope-of-employment certification. *Id.* In that Order, Judge Jordan authorized "limited discovery on whether Defendants acted within the course and scope of employment" and required "[t]he parties . . . to confer and establish a discovery plan." *Id.* at 8. Judge Jordan directed the parties[1] to contact the undersigned for a telephone conference if they could not agree on a discovery plan.

The Court set a telephone conference on October 2, 2025, to discuss a discovery plan. Shortly before this conference, appropriations act funding to the Department of Justice expired, and the Government moved [40] for a stay. The Court granted it as unopposed. After the stay was lifted, the Court reset the telephone conference. The parties sought numerous extensions, but they were ultimately unable to agree on a discovery plan. They submitted competing reports on a proposed discovery plan, and the Court held a telephonic conference on January 5, 2026, to address the disagreements. Discovery in this case will proceed in accordance with this Order.

---

[1] Given the current procedural posture of the case, the Court directs this order to both the Government and Defendants, collectively.

IT IS, THEREFORE, ORDERED, that:

1. The scope of all discovery authorized by this Order is limited to Defendants' course and scope of employment as defined in Judge Jordan's September 5, 2025 Order [38].

2. Dr. Henderson is authorized to depose Linda McMillian, Defendant Patricia Dunlap, M.D., and Defendant Walter Willis, M.D.

3. Dr. Henderson may propound a total of five interrogatories on Defendants collectively.

4. Dr. Henderson has expressed an intention to subpoena the medical records of two infants he treated while working as a physician at Choctaw Health Center. But the parties were unable to reach an agreement on Dr. Henderson seeking this discovery. Dr. Henderson is authorized to issue this subpoena, but service of it is subject to resolution of any objections by the Government and/or Defendants. Therefore, if Dr. Henderson wishes to proceed with this subpoena, the following procedure applies.

    a. Dr. Henderson must file a notice of his intent to issue the subpoena in writing and serve it on the Government and Defendants.

    b. Dr. Henderson must attach a copy of the subpoena to the notice.

    c. Dr. Henderson shall not serve the subpoena until at least seven days after serving his notice of intent to issue the subpoena.

    d. If the Government and/or Defendants notify Dr. Henderson that they intend to object to the subpoena, Dr. Henderson shall not serve the subpoena until the parties have conducted a discovery conference with the Court, in accordance with Paragraph 5 below, and the Court has ruled on any discovery motion authorized during that conference.

      5.      The Court desires to avoid the necessity of filing written discovery motions where Court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may file any discovery motion, counsel must first confer in good faith, via telephone, as required by Federal Rule of Civil Procedure 37(a)(1). If the attorney conference does not resolve the dispute, counsel must email the undersigned's chambers, copying all counsel, to request a telephonic discovery conference to discuss the issue as contemplated by Federal Rule of Civil Procedure 16(b)(3)(B)(v). A party may not file a discovery motion unless the telephonic discovery conference is unsuccessful in resolving the issue and the Court grants leave to file a discovery motion.

      6.      Absent leave of Court, no discovery shall be permitted other than the discovery authorized by the Order.

      7.      The deadline to complete all discovery authorized by this Order is Monday April 6, 2026.

      8.      The deadline to file any dispositive motions or motions challenging the Government's scope-of-employment certification is May 15, 2026.

**SO ORDERED AND ADJUDGED** this the 6th day of January, 2026.

                                    s/ *Andrew S. Harris*
                                    UNITED STATES MAGISTRATE JUDGE